IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
March 2, 2021 Session

**STATE OF TENNESSEE v. WILLIAM GOSSETT**

**Appeal from the Criminal Court for Shelby County**
**Nos. 16-03828, 16-03829, 16-03845, 16-03365, 16-04244, 16-04245, 16-04246, 16-04247, 16-04248, 16-04249, 16-05601      Lee V. Coffee, Judge**

_____

**No. W2019-02282-CCA-R3-CD**

_____

JAMES CURWOOD WITT, JR., J., concurring.

I concur in affirming the sentences in this case, but I write separately to emphasize the danger of expansive, even over-broad locution and reliance upon such locution in place of legal analysis tailored to the facts and issues in each particular case. The majority has concluded that the offense of child rape inherently embraces the elements of serious bodily injury, bodily injury, or the threat to cause serious bodily injury or bodily injury such that the 24-hour rule contained in Tennessee Code Annotated sections 40-35-106, -107 does not apply. For the majority, this conclusion is buttressed, at least in part, by language expressed in *State v. Kissinger*, 922 A.W.2d 482 (Tenn. 1996), and *State v. Edward Earl Huddleston*, No. 02C01-9706-CC-00228, 1998 WL 67684 (Tenn. Crim. App., at Jackson, Feb. 20, 1998).

As the majority notes, in *Kissinger*, the court said, "Every rape or sexual battery offense is physically and mentally injurious to the victim." *Kissinger*, 922 S.W.2d at 487. In *Edward Earl Huddleston*, the court iterated this statement and added, "It is difficult to conceive of any factual situation where the rape of a child would not *threaten* serious bodily injury." *Edward Earl Huddleston*, 1998 WL 67684, at *3.

We know that sometimes we as judges in a particular exuberance of a case may use an occasional expansive, even over-broad locution. I believe such to be the case of the quoted sentences from these two cases. In *Kissinger*, the court was adjudicating sentence enhancement issues and, in particular, was concerned with whether enhancement factor (6), that the injuries inflicted on the victim were "particularly great," applied. *See* T.C.A. § 40-35-114(6). In preparing to discuss whether the victims, who were nine and seven years old respectively, sustained particularly great injuries, the court's statement as quoted above was intended as a baseline view encompassed in the grading of the offense.

The court then undertook a review of the facts of record to determine whether the enhancement factor applied. Because the state failed to offer proof of particularly great injury, the court held that factor (6) did not apply.

In *Edward Earl Huddleston*, the court was asked to determine whether mitigation of the sentence for rape of a child should be applied because the offense neither caused nor threatened serious bodily injury. The court's statement was clearly dicta because it undertook an examination of the facts of record to decide whether the seven-year-old female victim had been injured to the point of making the mitigating factor inapplicable. Based on the record, the court held that the mitigating factor did not apply.

Neither case addressed the application of the 24-hour rule, and, as such, do not represent direct authority on the issue whether child rape falls within the exception to the 24-hour rule. The quest for solutions to sentencing enhancement or mitigation issues is not really germane to the issue currently before this court.

It is certainly easy to conceive of the threat of bodily injury occurring when the victim is seven or nine years old – or in the present case when the victims of the previous rapes were even younger, but the varying ages of children yield permutations of consequence. A mandate that the exception to the 24-hour rule hinges upon the statutory elements of the prior offenses, however, does not allow for an examination of the facts in each case. With that mandate in force, certainly we may not consider the age of the defendant's previous rape victims in the present case and must confine any inquiry to the elements of the offense. Rape of a child has two elements: (1) sexual penetration of (2) a child under 13 years of age. *See* T.C.A. § 39-13-522(a). "'Sexual penetration' means sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of the victim's, the defendant's, or any other person's body . . . ." *Id.* § 39-13-501(7). Although the elements of injury or the threat thereof have not been expressed in the proscriptive statute, there is no requirement that they be so expressed. Bodily injury includes any "cut, abrasion, bruise, burn or disfigurement, and physical pain or temporary illness or impairment of the function of a bodily member, organ, or mental faculty." *Id.* § 39-11-106(a)(3). The sexual penetration of a child of less than 13 by an adult certainly, at a minimum, carries with it the *threat* of physical pain. Thus, upon an examination of the elements of the offense of rape of a child through the proper lens, I would conclude that the 24-hour rule does not apply in this case.

_____
JAMES CURWOOD WITT, JR., JUDGE

- 2 -